# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2883-18T2

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

      Plaintiff-Respondent,

v.

J.T.,

      Defendant,

and

G.I.,

      Defendant-Appellant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF M.M.I,

      a Minor.

_____

Submitted October 10, 2019 – Decided  October 17, 2019

Before Judges Fuentes, Haas and Mayer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FG-15-0007-19.

Joseph E. Krakora, Public Defender, attorney for appellant (Robyn A. Veasey, Deputy Public Defender, of counsel; Kimberly A. Burke, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Alicia Y. Bergman, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Lynn B. Norcia, Designated Counsel, on the brief).

PER CURIAM

Defendant G.I.,[1] the biological father of M.M.I. (Mary), born in March 2013, appeals from the February 19, 2019 judgment of guardianship terminating his parental rights to the child.[2] Defendant contends that the Division of Child Protection and Permanency (Division) failed to prove each prong of N.J.S.A.

---

[1] We refer to the adult parties by initials, and to the child by a fictitious name to protect their privacy. R. 1:38-3(d)(12).

[2] The judgment also terminated the parental rights of Mary's biological mother, J.T., who voluntarily surrendered her parental rights to L.S., a maternal relative, who wants to adopt the child. J.T. has not appealed the trial court's decision to terminate her parental rights.

30:4C-15(a) by clear and convincing evidence.  The Law Guardian supports the termination on appeal as it did before the trial court.

Based on our review of the record and applicable law, we are satisfied that the evidence in favor of the guardianship petition overwhelmingly supports the decision to terminate defendant's parental rights.  Accordingly, we affirm substantially for the reasons set forth by Judge Madelin F. Einbinder in her thorough oral decision rendered on February 19, 2019.

We will not recite in detail the history of the Division's interactions with Mary and her parents.  Instead, we incorporate by reference the factual findings and legal conclusions contained in Judge Einbinder's decision.  We add the following comments.

In July 2017, the Division conducted a "Dodd removal"[3] of Mary from defendant and J.T.  The Division alleged that defendant had a chronic substance abuse problem, and was addicted to cocaine, heroin, and other forms of opioids.  Defendant also suffered from schizophrenia, bipolar disorder, and post-traumatic stress disorder (PTSD), and had a history of domestic violence involving J.T.  Despite repeated services and programs offered by the Division,

---

[3] A "Dodd removal" is an emergent removal of a minor without a court order pursuant to N.J.S.A. 9:6-8.21 to -8.82 (the Dodd Act).  N.J. Div. of Youth & Family Servs. v. P.W.R., 205 N.J. 17, 26 n.11 (2011).

including referrals for substance abuse and mental health treatment, supervised visitation, and psychological evaluations, defendant was unable or unwilling to take any meaningful steps to address the long-standing problems that prevented him from being able to safely parent Mary.

In December 2018, defendant threatened to kidnap Mary and take her to the Bahamas. J.T. obtained a temporary restraining order against defendant, which prohibited further contact with Mary.

Dr. David Brandwein, the Division's expert in forensic and clinical psychology, evaluated defendant and found he "ha[d] co-occurring trauma and substance-related disorders as well as problematic personality patterns that require consistent, long-term treatment in order for [defendant] to meet his own needs, never mind the needs of his daughter." Thus, Dr. Brandwein concluded that Mary would be at risk of suffering severe physical or psychological harm if she were placed in defendant's care.

Dr. Brandwein's bonding evaluation between defendant and Mary revealed that the child did not have a secure bond with her father and, therefore, would not endure any lasting harm if their relationship was severed. On the other hand, Dr. Brandwein opined that Mary and L.S. had a secure bond that

A-2883-18T2

"ha[d] the capacity to support [Mary] through the remainder of childhood and into adolescence and adulthood."

Defendant did not attend the trial and did not present any witnesses on his own behalf.

In her thoughtful opinion, Judge Einbinder reviewed the evidence presented at the trial, and concluded that (1) the Division had proven all four prongs of the best interests test by clear and convincing evidence, N.J.S.A. 30:4C-15.1(a); and (2) termination of defendant's parental rights was in Mary's best interests. In this appeal, our review of the trial judge's decision is limited. We defer to her expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 413 (1998), and we are bound by her factual findings so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (citing In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)).

Applying these principles, we conclude that Judge Einbinder's factual findings are fully supported by the record and, in light of those facts, her legal conclusions are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-2883-18T2